# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-00209-01-CR-FJG |
| ) | |
| ANTWAEN D. RELIFORD, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Defendant's Motion to Appoint Counsel (Doc. No. 39). Reliford seeks the assistance of counsel to properly file a motion for reduction in sentence under 28 U.S.C. § 2255.

**I.    PROCEDURAL HISTORY**

On June 7, 2005, Reliford was indicted with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 17, 2005, Reliford pled guilty to the single-count indictment. On March 13, 2006, Defendant was sentenced to 188 months' imprisonment, based on the determination that he was an Armed Career Criminal pursuant to U.S.S.G. § 924(e)(1) ("ACCA"). Reliford appealed, arguing two convictions upon which the ACCA classification was based were not violent felonies under the ACCA. United States v. Reliford, 471 F.3d 913, 915 (8th Cir. 2006). On December 26, 2006, the Eighth Circuit affirmed Reliford's sentence. [1]

On August 10, 2009, Reliford filed a motion with the Eighth Circuit seeking to

---

[1]Reliford filed a petition of certiorari, which was denied. Reliford v. United States, 550 U.S. 938 (2007).

recall the mandate previously issued in his direct appeal. Defendant's motion referred to the Supreme Court decision of Begay v. United States, which settled a circuit split surrounding the definition and application of the phrase "violent felony," used to qualify someone as an Armed career Criminal. 553 U.S. 137 (2008). The Eighth Circuit summarily denied the motion on August 12, 2009.[2]

## II. APPOINTMENT OF COUNSEL

Defendant moves for this Court to appoint counsel to assist him in seeking a reduction in sentence under 28 U.S.C. §2255.

It is well established in the Eighth Circuit that, "[t]here is no Constitutional right for a party to have appointed counsel in post-conviction applications." Noble v. Sigler, 351 F.2d 673, 678 (8th Cir. 1966); see also Green v. United States, 262 F.3d 715, 716-19 (8th Cir. 2001) (Constitution does not guarantee a right to counsel in collateral proceeding, but counsel must be appointed to represent an indigent §2255 movant if an evidentiary hearing is required).

The Court declines to appoint counsel because Reliford has not filed a formal post-conviction application that merits an evidentiary hearing, and there is no Constitutional right to appointment of counsel for post-conviction proceedings. Accordingly, the Court hereby **DENIES** Defendant's Motion to Appoint Counsel (Doc. No. 39).

## III. TIMELINESS OF MOTION

Reliford seeks counsel to assist him in filing a § 2255 habeas petition for

---

[2]On November 4, 2009, Reliford sought a petition of certiorari, which was denied. Reliford v. United States, No. 09-7515, – S.Ct.–, 2009 WL 3816663 (2009).

reduction of sentence, which was based on Reliford's classification as an Armed Career Criminal pursuant to U.S.S.G. § 924(e)(1).[3]

In Begay, the Supreme Court held that to be a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii), the prior offense must not only "present[] a serious potential risk of physical injury to another," but also must be similar in kind to the listed offenses ("burglary, arson, or extortion, involves the use of explosives") and involve only offenses that involve "purposeful, violent and aggressive conduct." 128 U.S at 1586. Later in Williams, the Eighth Circuit held that, in light of Begay, auto theft by coercion is a violent felony, but auto theft by deception, auto theft without consent, and auto tampering are not violent felonies. United States v. Williams, 537 F.3d 969, 973-76 (8th Cir. 2008).

Reliford argues that based on these developments in the law, his 1996 Missouri conviction for automobile tampering and the 1998 Kansas conviction for criminal threat are not violent felonies under the ACCA. Therefore, he seeks retroactive application of Begay to remove him from the class of being an Armed Career Offender under 18 U.S.C. § 924(e)(2)(B)(ii), and to have his sentence reduced accordingly.

Pursuant to 28 U.S.C. § 2255(f), a prisoner has a one-year period to file a § 2255 motion. That period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by

---

[3]Under Morales v. United States, 304 F.3d 764, 766 (8th Cir. 2002), this Court cannot reclassify Defendant's Motion to Appoint Counsel as a § 2255 petition without first consulting with the movant. However, the Court analogizes Reliford's arguments in his Motion for Appointment of Counsel to a § 2255 petition, in order to adequately address all the issues raised.

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

The Court finds that even if the instant motion is construed as a § 2255 petition, it would be untimely. Section 2255(f)(3) grants a one-year period from the date of the Supreme Court decision to allow the petitioner to seek retroactive application of a newly created right. The Supreme Court decided <u>Begay</u> on April 16, 2008; therefore, Reliford had until April 16, 2009, to petition for retroactive application of <u>Begay</u>. Defendant filed the instant motion on January 21, 2010, outside of the one-year period allowed by the statute. Thus, Reliford is time-barred from filing a § 2255 petition for reduction in sentence, as he did not file the petition within the one-year time period set forth in 28 U.S.C.A. § 2255(f).[4]

---

[4]The Court notes the issue of whether <u>Begay</u> applies retroactively remains unsettled in the Eighth Circuit, but factually similar cases to the case at bar have declined general retroactive application of the decision. <u>See</u> <u>U.S. v. Lindsey</u>, No. 09-0249-CV-W-ODS, 2009 WL 2337120 (W.D. Mo. July 29, 2009) (finding § 2255 motion was untimely under §§ 2255(f)(1) and (f)(3), and declining to find Begay creates a right under § 2255(f)(3)); <u>but</u> <u>see</u> <u>United States v. Fondren</u>, No. 4:06-CR-22-CEJ, 2009 WL 3246906 (E.D. Mo. Oct. 6, 2009) (applying Begay retroactively to vacate sentence).

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion for Appointment of Counsel (Doc. No. 39) is hereby, **DENIED**.

**IT IS SO ORDERED**.

Date: 05/05/10                                 **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                      Fernando J. Gaitan, Jr.
                                                           Chief United States District Judge